Filed 6/20/14  P. v. Lashin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C072308 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 62-096644, 62-097616, 62-097795, 62-098834) |
| v. | |
| ANDRE LASHIN, | |
| Defendant and Appellant. | |

Pursuant to an April 2010 agreement resolving three superior court cases, defendant Andre Lashin pleaded no contest to receiving stolen property (§ 496, subd. (a)),[1] second degree burglary (§ 459), corporal injury of a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)), and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)).  He admitted that he personally inflicted great bodily

---

[1]     Undesignated statutory references are to the Penal Code.

1

injury (§ 12022.7, subd. (e)) in the commission of the corporal injury. In exchange for his pleas and admission, several charges were dismissed. At sentencing in May 2010, execution of a prison sentence of 10 years four months was suspended, and defendant was placed on formal probation for five years. (*People v. Lashin* (July 2, 2012, C065713) [nonpub. opn.], slip opn. at pp. 1-2 (*Lashin*).)[2] Defendant was ordered to pay, among other things, a $400 assessment to the domestic violence fund, a $100 assessment to the Placer Women's Center, and a $350 fee for the cost of preparing the probation report. (*Id.* at p. 3.)

In a prior appeal to this court, defendant contended the trial court's written probation order did not accurately reflect the fines and fees it had assessed when pronouncing sentence. He also claimed the court was not permitted to impose a fine in addition to ordering him to make payments to a battered women's shelter. Defendant's final contention was that the court did not assess his ability to pay before ordering payment of the costs of preparing the presentence report and probation supervision. (*Lashin, supra,* at p. 2.)

We remanded the matter to the trial court for clarification of its order. (*Lashin, supra,* at pp. 2, 7.) Specifically, our disposition directed the trial court to "specify whether defendant is required to pay the costs of preparing a presentence report, probation supervision, and drug testing. The court is directed to prepare an amended probation order, or an amended abstract of judgment if defendant is no longer on probation, containing its determinations in this regard, in addition to correcting the amount of the restitution fine, the suspended probation revocation fine, and the payment

---

[2]    We treated defendant's motion for judicial notice of our records in case No. C065713 as a motion to incorporate that case by reference and, as such, granted the motion.

to the battered women's shelter, and specifying the statutory basis for all fines, fees, and costs imposed." (*Lashin, supra*, at pp. 7-8.)

In August 2012, defendant resolved a fourth case, pleading no contest to misdemeanor driving under the influence of methamphetamine in exchange for dismissal of several related counts and allegations. Defendant admitted, among other things, that his plea constituted a violation of his probation in the three earlier cases.

In September 2012, the trial court ordered execution of the prison sentence; imposed a $200 restitution fine, a $40 court security fee and a $30 criminal assessment fee; and ordered execution of a $200 probation revocation restitution fine. In compliance with our remittitur, the matter was referred to the probation department for the preparation of memoranda on credit, fines, and fees. On the fourth case, the trial court sentenced defendant to jail for 90 days concurrent with the prison sentence.

In October 2012, the trial court awarded presentence credits in accordance with a memorandum from the probation department. Departing from the memorandum's recommendation, the court declined to impose a $1,200 probation supervision fee, substance abuse testing fees, a $25 administrative screening fee, and a base fine of $100. The court orally ordered defendant to pay a $200 restitution fine (§ 1202.4, subd. (b)), a $200 probation revocation restitution fine (§ 1202.44), a $120 court operations fee (§ 1465.8, subd. (a)(1)), a $120 court facilities assessment (Gov. Code, § 70373), a $350 presentence probation report fee, a $20 state surcharge (§ 1465.7), a $400 domestic violence fund fee (§ 1203.097, subd. (a)(5)), and a $400 battered women's shelter fee (§ 1203.097, subd. (a)(11)(A)).

Defendant again appeals contending (1) the $20 state surcharge must be stricken because the trial court struck the base fine to which it attaches; the People concede this point; (2) the trial court improperly increased the amount of the battered women's shelter fee from $100 to $400; (3) the trial court erroneously ordered him to pay various fees without properly evaluating his ability to pay; to the extent the issues have been forfeited,

3

defendant's trial counsel rendered ineffective assistance; (4) the abstract of judgment does not accurately reflect the trial court's oral orders; the People concede the point in part; and (5) the trial court failed to award him all the custody credit to which he is entitled. We modify the judgment.

DISCUSSION[3]

I

*State Surcharge*

Defendant contends, and the People concede, the $20 state surcharge (§ 1465.7) must be stricken because, in its October 2012 order, the trial court struck the $100 base fine.

Section 1465.7, subdivision (a) provides: "A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464." In this case, the relevant "base fine" was the $100 fine struck by the trial court. Because the court's action left no base fine upon which a 20 percent surcharge could be levied, the $20 state surcharge must be stricken.

II

*Battered Women's Shelter Fee*

Defendant contends the trial court improperly increased his payment to the battered women's shelter from $100 to $400 in its October 2012 order. We disagree.

A. *Background*

The presentence report contained recommended terms and conditions of probation, including a $400 payment to a battered women's shelter. (*Lashin, supra*, at p. 2.)

At the first sentencing in May 2010, the trial court stated it was "going to adopt the recommendations of probation." Without indicating that it was, in fact, deviating

---

**3** We briefly summarize the facts of defendant's offenses in our discussion of presentence credits, *post*.

4

from that recommendation, the court ordered defendant to pay fines and fees including a "$100 assessment to the Placer Women's Center." The court later reiterated that it would "adopt the fines as recommended by probation."

In our prior opinion we noted that, "contrary to the trial court's statement that it was adopting the recommendations of probation, it orally imposed a payment to a battered women's shelter . . . that differed from the amount[] recommended in the presentence report." (*Lashin, supra*, at p. 4, fn. omitted.) We later reiterated that the court had imposed "a battered women's shelter fee that was lower than recommended in the presentence report." (*Lashin, supra*, at p. 6.)

Defendant contended the trial "court was not permitted to impose a fine in addition to ordering him to make payments to a battered women's shelter." (*Lashin, supra,* at p. 2.) We agreed, explaining that "the court was not authorized to order defendant to pay both a fine *and* an 'assessment' to a battered women's shelter. (§ 1203.097, subd. (a)(11)(A).)"[4] (*Lashin, supra*, at p. 5, original italics.) We affirmed defendant's convictions and remanded the matter to the trial court with directions to, among other things, "correct[] the amount of . . . the payment to the battered women's shelter." (*Lashin, supra*, at pp. 7-8.)

On remand, the trial court imposed the battered women's shelter fee in the recommended amount of $400 and struck the $100 base fine.

B.    *Analysis*

The parties agree that *Lashin* identified the order of *both* a $100 base fine *and* a $100 payment to a battered women's shelter as an unauthorized sentence. On remand, the trial court imposed only the battered women's shelter payment.

---

[4]    The statute states in relevant part that the "conditions of probation may include, in lieu of a fine, . . . [t]hat the defendant make payments to a battered women's shelter." (§ 1203.097, subd. (a)(11)(A).)

5

But our opinion also identified another defect with "the payment to the battered women's shelter." We noted that, "contrary to the trial court's *statement that it was adopting the recommendations of probation*, it orally imposed a payment to a battered women's shelter . . . that differed from the amount[] recommended in the presentence report." (*Lashin, supra*, at p. 4, italics added, fn. omitted.) Because the trial court's intent was unclear, we remanded the matter for clarification. In its October 2012 order, the trial court resolved the ambiguity by imposing the $400 amount recommended by probation.

Defendant counters that he should not face the risk that, in the course of correcting an unauthorized sentence, the trial court would "increase" a portion of his punishment "above that that was originally imposed." Upon remand, the trial court clarified that it meant to impose the $400 amount at the first sentencing hearing. Because this is a clarification of what the trial court intended to order, there was no increase in punishment. There was no error.

### III

### *Ability to Pay*

Defendant contends the trial court erroneously ordered him to pay the $400 domestic violence fee, the $400 battered women's shelter fee, and the $350 probation report fee without determining his ability to pay. He claims that, to the extent his trial counsel forfeited the issue by failure to object at the October 1, 2012, hearing, counsel rendered ineffective assistance. We consider the fees in turn.

A.  *Background*

In the prior appeal, defendant contended the trial court did not assess his ability to pay before ordering payment of the costs of preparing the presentence report and probation supervision. (*Lashin, supra,* at p. 2.) In response, this court noted that both the "cost of presentence report and probation supervision" (§ 1203.1b) and the "battered women's shelter assessment" are subject to defendant's ability to pay. (*Lashin, supra,* at

pp. 5-6.)  We noted that defendant had not been "fully advised of his right to a hearing" on the issue of ability to pay probation costs.  (*Lashin, supra,* at p. 5.)  In response to the People's claim that defendant forfeited the issue, we stated that "it may have been the trial court's intent not to impose the remaining costs and fees.  We note that, in response to a request by defendant's attorney at the plea hearing, the court stated it would consider at sentencing waiving the fee for a presentence report.  The court's intent could also be inferred from its imposition of a battered women's shelter assessment that was lower than recommended in the presentence report."  (*Lashin, supra,* at pp. 5-6.)  We concluded the trial court's "intent is unclear, and the matter must be remanded for clarification."  (*Lashin, supra,* at p. 6.)

In our disposition, we directed the trial court to "specify whether defendant is required to pay the costs of preparing a presentence report" and to "correct[] . . . the payment to the battered women's shelter."  (*Lashin, supra,* at pp. 7-8.)

B.     *Domestic Violence Fee*

Our disposition in *Lashin* did not direct the trial court to reconsider the $400 domestic violence fee.  (*Lashin, supra*, at pp. 7-8.)  Therefore, defendant's trial counsel was not ineffective for having failed to make a meritless request to consider a matter beyond the scope of our remand.  (*People v. Stratton* (1988) 205 Cal.App.3d 87, 97.)

C.     *Battered Women's Shelter Fee*

Section 1203.097, subdivision (a)(11)(B) provides in relevant part:  "For any order to . . . make payments to a battered women's shelter, . . . the court shall make a determination of the defendant's ability to pay.  Determination of a defendant's ability to pay may include his or her future earning capacity.  A defendant shall bear the burden of demonstrating lack of his or her ability to pay.  Express findings by the court as to the factors bearing on the amount of the fine shall not be required."

At the October 1, 2012, hearing, defendant's trial counsel did not attempt to demonstrate that defendant lacked the ability to pay the battered women's shelter fee

7

when it was imposed in May 2010. Counsel's omission forfeits the claim on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072 (*Valtakis)* [probation costs]; see *In re Sheena K*. (2007) 40 Cal.4th 875, 881.)

The record suggests a satisfactory reason for trial counsel's omission. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 (*Mendoza Tello*).) At the September 17, 2012, judgment and sentencing hearing, counsel had argued that defendant should be placed on probation. Counsel noted that defendant had "employment promised him through Western Contemporary Design. It will be a construction job, and that is his background." Defendant's Narcotics Anonymous sponsor had written to the court that defendant "has a job lined up, a solid plan of recovery and the tools he needs to become a productive member of society."

At the October 1, 2012, hearing, defendant's trial counsel could have understood that the trial court's task on remand was to evaluate defendant's "future earning capacity," and his ability to pay, *as they existed at sentencing in May 2010.* (§ 1203.097, subd. (a)(11)(B).) Defendant's subsequent incarceration in jail and then in prison had no bearing on that issue.[5]

Trial counsel could also have understood that defendant's construction background, which culminated in the September 2012 job offer, had preexisted the May 2010 hearing, if for no other reason than defendant spent most of the time *after* that hearing in custody. Thus, trial counsel could have understood that defendant had a "future earning capacity" in May 2010, within the meaning of section 1203.097,

---

[5]     Because defendant's subsequent incarceration in jail and then in prison are irrelevant to the trial court's reconsideration of his ability to pay as of May 2010, we need not join the parties' debate about defendant's ability to earn while in prison. Nor need we consider whether the domestic violence fee or the battered women's shelter fee can be collected from prison wages.

subdivision (a)(11)(B). Counsel was not required to believe that, prior to his participation in Narcotics Anonymous, defendant had no ability to work or earn.

Because the record on appeal sheds no light on why counsel failed to raise the battered women's shelter issue, and there could be a satisfactory explanation, the claim of ineffective assistance is more appropriately decided in a habeas corpus proceeding. (*Mendoza Tello, supra,* 15 Cal.4th at pp. 266-267.)

This leaves defendant's argument that, notwithstanding his trial counsel's silence, our remand order directed the trial court to consider the ability to pay issue and its failure to do so was error. The argument has no merit.

As we have seen, the statute provides that "[e]xpress findings by the court as to the factors bearing on the amount of the fine shall not be required." The defendant's "lack of his or her ability to pay" is one of those factors. (§ 1203.097, subd. (a)(11)(B).) Thus, the trial court was not required to make an express finding on ability to pay.

Although the evidence of defendant's background in construction and his 2012 job offer had not been before the court in May 2010, our recognition in *Lashin* that defendant had not been fully advised of his right to a hearing on ability to pay probation costs implied that further evidence bearing upon that issue could be received at subsequent proceedings. (*Lashin, supra*, at p. 5.) As it turned out, defendant presented evidence and argument on the issue in an effort to persuade the trial court to reinstate him on probation. Thus, by the time of the October 1, 2012, hearing, the trial court had an indication of defendant's background and earning capacity in May 2010. The trial court's implied finding that defendant had the ability to pay is supported by substantial evidence.

D.     *Presentence Probation Report Fee*

We previously noted that the cost of the presentence report is subject to defendant's ability to pay (§ 1203.1b), and that defendant must be fully advised of his right to a hearing on the issue. (*Lashin, supra*, at p. 5.) *Lashin* noted that the "issue may be deemed forfeited for purposes of appeal if a defendant fails to object in the trial court."

9

(*Ibid.*, citing *Valtakis, supra*, 105 Cal.App.4th at p. 1072.)  On the record then before us, we declined to find forfeiture because "it may have been the trial court's intent not to impose" the probation report fee.  (*Lashin, supra*, at p. 5.)

The record of the October 1, 2012, hearing is different:  as before, defendant failed to object in the trial court; but this time, the court unequivocally expressed its intent to impose the $350 probation report fee.  On this record, we conclude the issue was forfeited.  (*People v. Scott, supra,* 9 Cal.4th at p. 354; *Valtakis, supra,* 105 Cal.App.4th at p. 1072; *In re Sheena K., supra*, 40 Cal.4th at p. 881.)

For reasons we have explained, defendant's trial counsel could have believed, at the time probation was granted, that defendant had the ability to obtain a job and to continue working for the year following the hearing.  (§ 1203.1b, subd. (e).)  The fact this "one year time limit had already passed" by the time of the October 2012 hearing is irrelevant because the trial court's task was to assess defendant's ability to pay as of May 2010.

Because the record on appeal sheds no light on why counsel failed to raise the probation report fee issue, and there could be a satisfactory explanation, the claim of ineffective assistance is more appropriately decided in a habeas corpus proceeding. (*Mendoza Tello, supra,* 15 Cal.4th at pp. 266-267.)

IV

*Abstract of Judgment*

Defendant contends the abstract of judgment does not accurately reflect the trial court's oral orders regarding restitution fines.  We consider defendant's contentions in turn.

A.    *Procedural Background*

At the original sentencing hearing, the trial court orally set the restitution fine and the probation revocation restitution fine at $100, not $200; and it pronounced just one restitution fine and one probation revocation restitution fine for all three cases.  Then,

10

following our remittitur, the court orally pronounced one $200 restitution fine for all three cases, one $200 probation revocation restitution fine for all three cases, and no parole revocation restitution fines, even though defendant was committed to prison for a violent felony.

The April 23, 2013, amended abstract of judgment includes the judgment entered in the three felony cases that were at issue in *Lashin*. The new case, sentenced as a misdemeanor, is not included on the abstract. The abstract lists a $200 restitution fine, a $200 executed probation revocation restitution fine, and a $200 stayed parole revocation restitution fine *in each of* the three superior court cases.

B.      *Relevant Legal Principles*

Section 1202.4, subdivision (b) provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (See *People v. Villalobos* (2012) 54 Cal.4th 177, 180-181.) Here, the trial court did not state on the record any compelling and extraordinary reasons for omitting any restitution fines. Thus, the court had a mandatory duty to impose a restitution fine in each case. (*People v. Hanson* (2000) 23 Cal 4th 355, 362.)

However, the phrase "[i]n every case where a person is convicted of a crime" is ambiguous where, as here, cases were separately filed, but joined together for plea and sentencing. (*People v. Ferris* (2000) 82 Cal.App.4th 1272, 1277.) Given this ambiguity, *Ferris* concluded that the construction favoring the defendant must apply and only a single restitution fine could be imposed in a single case. (*Ibid*.; see *People v. Schoeb* (2005) 132 Cal.App.4th 861, 864.)

When defendant committed the offenses in February and March 2010, the minimum amount of the restitution fine was $200. (Stats. 2009, ch. 454, § 1.)

Imposing and staying a probation revocation restitution fine (§ 1202.44) is mandatory where a sentence includes a period of probation. Vacating the stay is

11

mandatory upon revocation of probation with a state prison sentence. (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2.) "[B]y the express terms of the statute, the probation revocation fines imposed under section 1202.44 must be in the same amount as the restitution fines imposed under section 1202.4." (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

"Under section 1202.45, a trial court has *no* choice and *must* impose a parole revocation fine equal to the restitution fine whenever the 'sentence includes a period of parole.'" (*People v. Smith* (2001) 24 Cal.4th 849, 853 (*Smith*), original italics.)

A restitution fine is triggered by conviction of a criminal offense and survives the revocation of probation. (§ 1202.4, subd. (b); *People v. Chambers* (1998) 65 Cal.App.4th 819, 822.)

C.     *Increasing Restitution Fine from $100 to $200*

Defendant claims the restitution fine cannot be increased from $100 to $200. He notes that the People, in their brief in the prior appeal, had refrained from arguing the $100 restitution fine should be increased, citing *People v. Tillman* (2000) 22 Cal.4th 300, 303 (*Tillman*). In *Tillman,* the trial court failed to "state on the record its reasons for not imposing the restitution fines. (*Ibid*.; see *Smith, supra*, 24 Cal.4th at p. 853.) Similarly here, at the first sentencing hearing, the trial court failed to state on the record its reason for imposing less than the minimum fine of $200. Because the prosecution had not objected, the People conceded that the error had been forfeited under *Tillman*.

Notwithstanding the forfeiture, our disposition directed the trial court to "correct[] the amount of the restitution fine [and] the suspended probation revocation fine." (*Lashin, supra*, at p. 7.) On remand, the trial court properly imposed "the state restitution fine of $200." This rendered moot the court's earlier failure to state reasons for a lesser fine as well as the People's earlier concession.

Defendant counters that, if our direction to "correct[] the amount of the restitution fine" includes raising it to the minimum $200, "that order was erroneous and should be

corrected in this appeal." However, his reasons for so contending are not set forth clearly in his reply brief. We find no error.

D.     *Number of Restitution Fines*

Defendant claims the abstract of judgment erroneously reflects three restitution fines rather than one. He argues the trial court was entitled to treat the three superior court cases as one case for purposes of the restitution fine (*People v. Ferris, supra,* 82 Cal.App.4th at p. 1277; *People v. Schoeb, supra,* 132 Cal.App.4th at p. 864), and the oral pronouncement of the single fine prevails over the three fines listed on the amended abstract (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385). The People do not dispute this contention.

At the first sentencing hearing and again on remand, the trial court consistently imposed just one restitution fine. It follows from our discussion that the amended abstract is in error to the extent it reflects more than one probation revocation restitution fine and more than one suspended parole revocation restitution fine.

E.     *Amount of Probation Revocation Restitution Fine*

In his opening brief, defendant contends our conclusion that the trial court corrected the restitution fine to $200 requires that the abstract be further corrected to show a single $200 probation revocation restitution fine.

The People respond that, because the probation revocation restitution fine had been imposed in the amount of $100, and on remand the court stated it would impose the fine that previously had been suspended, the "fine should be limited to $100."

In his reply brief, defendant "agrees with" the People's conclusion that the probation revocation restitution fine "must be limited to $100 even though, under normal circumstances, the base restitution fine and the probation [revocation] restitution fine must be equal."

The problem with the People's argument, subsequently accepted by defendant, is that it is contrary to our remand order to "correct[] the amount of . . . the suspended

13

probation revocation fine." (*Lashin, supra*, at p. 7.)  The obvious basis for correction is that the probation revocation restitution fine must equal the restitution fine, as the trial court on remand determined it.  (*People v. Perez, supra,* 195 Cal.App.4th at p. 805.) Since the court determined the restitution fine to be $200, we modify the judgment to impose a $200 probation revocation restitution fine.  Because the amended abstract serendipitously showed the probation revocation restitution fine to be $200, no correction of the amount is necessary.

F.      *Parole Revocation Restitution Fine*

Defendant contends the abstract of judgment must be modified to reflect a single parole revocation restitution fine.  (§ 1202.45.)  The People respond that the trial court did not orally impose any such fine and the prosecutor did not object to its omission. Thus, the People assert that the parole revocation restitution fines should be stricken from the abstract of judgment.  In his reply brief, defendant does not adopt the People's argument; instead, he reiterates that "there should be . . . a stayed $100 parole revocation restitution fine."

The People's argument appears to invoke the *Tillman* rationale without identifying a statutory basis for the trial court to impose the restitution fine while, in an exercise of its discretion, omitting the parole revocation restitution fine.  (*Tillman, supra,* 22 Cal.4th at p. 303.)  No such discretion appears.  "Under section 1202.45, a trial court has *no* choice and *must* impose a parole revocation fine equal to the restitution fine whenever the 'sentence includes a period of parole.' " (*Smith, supra,* 24 Cal.4th at p. 853, original emphasis.)

V

*Presentence Credit*

A.      *Background*

On February 5, 2010, defendant received a computer that was stolen and which he knew was stolen (case No. 62-096644).  He was taken into custody that day and was in

14

presentence custody from February 5 through February 9, 2010, a period of five days. Thereafter, he was in presentence custody for a period that was credited on the spousal injury case.

On March 22, 2010, defendant entered a commercial building with the intent to commit larceny and he stole items from the building (case No. 62-097616). He was taken into custody that day and was in presentence custody from March 22, 2010, through March 26, 2010, a period of five days. Thereafter, he was in presentence custody for a period that was credited on the spousal injury case.

On March 31, 2010, defendant assaulted his cohabitant and personally inflicted great bodily injury on her (case No. 62-097795). He was taken into custody that day and was in presentence custody from March 31, 2010, through his placement on probation on May 12, 2010; and from the revocation of his probation on June 17, 2010, through the hearing on October 1, 2012.

On May 15, 2010, defendant drove erratically and exhibited signs and symptoms of being under the influence of a controlled substance (case No. 62-098834). He was taken into custody that day.

On May 24, 2010, the probation department filed a petition to revoke defendant's probation in the first three cases based upon his commission of the offenses alleged in the fourth case.

On June 17, 2010, defendant's probation in the first three cases was summarily revoked.

Defendant was sentenced to prison in September 2012, and the court addressed the presentence credit issue on October 1, 2012.

The September 17, 2012, abstract of judgment awarded defendant 881 days' custody credit and 132 days' conduct credit.

15

B.    *Appellate Arguments and Trial Court Motion for Correction*

In his opening brief, defendant contends the trial court erred when it "accepted the probation department's calculations and did not begin to credit [him] with time towards his prison sentence until June 17, 2010," the day his probation was revoked. He claims entitlement to 901 days' custody credit and 135 days' conduct credit.

On the day the opening brief was filed, defendant's appellate counsel filed a motion in the trial court to correct his custody credits. The motion presented the same argument set forth in the opening brief. Sixteen days later, the trial court issued an order amending custody credits and an amended abstract of judgment. The court agreed that credits should be amended but did not concur with counsel's method of calculation. The court explained: "One of the grounds for the violation of felony probation in [the assault/corporal injury case] was the misdemeanor conduct in [the fourth case]. The custody credits for that misdemeanor conduct should have been applied to the felony violation of probation and not to the concurrent misdemeanor case. Accordingly, the court orders that the custody credits of 33 days originally assigned to [the fourth case] be reassigned to [the assault/corporal injury case]." Thus, the court awarded defendant 914 days' custody credit and 137 days' conduct credit on the assault/corporal injury case, five days' custody credit and four days' conduct credit on the burglary case, and five days' custody credit and four days' conduct credit on the receiving stolen property case.

Three days after the supplemental clerk's transcript of the order and amended abstract was filed in this court, the People filed a respondent's brief contending that defendant is entitled to 891 days' custody credit and 133 days' conduct credit. The respondent's brief does not address the order correcting credits, and the People have not cross-appealed from the order or otherwise addressed the trial court's action.

Citing *People v. Pruitt* (2008) 161 Cal.App.4th 637, 639 and *People v. Huff* (1990) 223 Cal.App.3d 1100, 1104, the People argue defendant was not entitled to presentence

16

credit on the first three cases from May 15, 2010, the date of his commission of and arrest on the fourth case, until June 17, 2010, the date his probation in those cases was revoked.

The People further contend defendant is entitled to five days' credit for his custody on the receiving stolen property case (Feb. 5, 2010, to Feb. 9, 2010), and five days' credit for his custody on the second degree burglary case (Mar. 22, 2010, to Mar. 26, 2010).

In his reply brief, defendant concedes he "forgot to add in the ten additional days attributed to the other two charges." Defendant argues that, because the People have not responded to the most recent credit ruling, there is no reason to disturb the determination that he is entitled to an additional 33 days' custody credit. Finally, defendant concedes the trial court erred when it calculated his conduct credit attributable to this custody pursuant to section 4019 rather than section 2933.1.

C.     *Credit for Burglary and Receiving Stolen Property Cases*

The People contend, and defendant agrees, he is entitled to five days' credit for his custody on the receiving stolen property case (Feb. 5, 2010, to Feb. 9, 2010), and five days' credit for his custody on the second degree burglary case (Mar. 22, 2010, to Mar. 26, 2010). Part 16 of the April 23, 2013, amended abstract of judgment shows that defendant has been awarded the disputed credit. He does not dispute that this credit is attributable to the foregoing cases, as opposed to the assault/corporal injury case. No error appears.

Defendant correctly notes that, because these cases were sentenced consecutive to a term for a violent felony, the conduct credit attributable to these 10 days of custody must be calculated pursuant to section 2933.1, not section 4019.

D.     *Reallocation of Credit from the Misdemeanor to the Felony*

Defendant argues that, because the People have not responded to the trial court's most recent credit ruling, there is no reason to disturb the court's determination that he is

entitled to an additional 33 days' custody credit from his May 15, 2010, arrest through the June 17, 2010, revocation of his probation. We agree.

## DISPOSITION

The judgment is modified by striking the $20 state surcharge, imposing a $200 probation revocation restitution fine and a suspended $200 parole revocation restitution fine, and awarding defendant one day's conduct credit in case No. 62-097616, and one day's conduct credit in case No. 62-096644. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment, corrected to show one $200 restitution fine, one $200 probation revocation restitution fine, one $200 suspended parole revocation restitution fine, and indicate that all conduct credits are calculated pursuant to Penal Code section 2933.1. The trial court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                    NICHOLSON                , Acting P. J.


We concur:


        DUARTE                , J.


        HOCH                , J.

18