[Nos. F044412, F044413, F044414. Fifth Dist. Apr. 27, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT RAYMOND ENOS, Defendant and Appellant.

COUNSEL

William A. Davies, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Janis Shank McLean and Aaron R. Maguire, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BUCKLEY, J.**—Pursuant to a negotiated plea bargain, appellant Robert Raymond Enos was convicted of receiving stolen property, unlawful possession of a firearm, commercial (second degree) burglary, and escape from a work farm. The plea bargain resolved three separate cases and judgments (Super. Ct. Stanislaus County, case Nos. 1051885, 1053951 and 1054325). Appellant was sentenced to a stipulated term of five years in all three cases. Pursuant to Penal Code[1] sections 1202.4, subdivision (b) and 1202.45, the trial court imposed a restitution fine and matching parole revocation fine of $600 in case No. 1054325. It imposed restitution and parole revocation fines of $200 each in cases No. 1053951 and No. 1051885. Appellant has filed a separate appeal from each case (Nos. F044412, F044413, and F044414). We consolidated the three appeals.

### DISCUSSION

Appellant contends that, because the three cases ended with a comprehensive plea agreement at a single sentencing hearing, the trial court erred by imposing three separate restitution fines under sections 1202.4, subdivision (b) and 1202.45. He relies on *People v. Ferris* (2000) 82 Cal.App.4th 1272 [99 Cal.Rptr.2d 180] (*Ferris*), where the defendant was convicted at a single trial in two separate cases and where there was a combined sentencing hearing. Although the trial court granted a motion to consolidate the two cases, no formal consolidation ever occurred. At sentencing, the trial court, in each case, imposed the statutory maximum $10,000 restitution fine and an identical parole revocation fine. On appeal, Ferris argued that the separate fines were unauthorized because section 1202.4, subdivision (b) and section 1202.45 limited restitution and parole revocation fines to a maximum of $10,000 for each case, and, as a matter of fact and law, the proceedings against him involved but "one case." (*Ferris, supra,* at pp. 1276–1277.) The

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

Court of Appeal agreed. It construed the words "every case" in the statutes to mean a jointly tried case, even where the charges were initially filed under separate case numbers and even if the cases were never formally consolidated. (*Id.* at p. 1277; see also *People v. McNeely* (1994) 28 Cal.App.4th 739, 742–743 [33 Cal.Rptr.2d 582].) The *Ferris* court concluded that the separate informations had been effectively joined in one case despite the technical retention of individual case numbers. The court modified the judgment to include only one $10,000 restitution fine and one $10,000 parole revocation fine. (*Ferris, supra,* at p. 1278.)

*Ferris* is inapplicable, for two reasons. First, the facts are different. Here, there was never a motion to join or consolidate the three cases, and, even though there was a combined sentencing hearing, the cases were not tried together, as they were in *Ferris.* Here, throughout the proceedings, the trial court and the parties treated the cases as separate. In addition, three separate appellate records were prepared, each corresponding to its own number. Separate minute orders and separate notices of appeal were filed in each case.

Second, we think the *Ferris* court's primary concern was not with the trial court's imposition of more than one section 1202.4, subdivision (b) restitution fine and more than one suspended section 1202.45 parole revocation fine but rather with the resulting total of the fines that exceeded the $10,000 statutory limit. (*Ferris, supra,* 82 Cal.App.4th at pp. 1277–1278.) The court cited its earlier decision in *People v. McNeely, supra,* 28 Cal.App.4th 739, where it held that a restitution order cannot exceed $10,000 if the defendant is sentenced in multiple cases at a single hearing. (*Ferris, supra,* at p. 1277.) Thus, in our view *Ferris* stands for the proposition that a trial court cannot impose multiple section 1202.4, subdivision (b) restitution fines and multiple section 1202.45 parole revocation fines in nonconsolidated cases where the total fines exceed the statutory maximum; the opinion does not address the question whether separate fines are proper where the total does not exceed the statutory maximum. (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 372 [20 Cal.Rptr.2d 330, 853 P.2d 496] [cases are not authority for propositions they do not consider].)

There is nothing in section 1202.4, subdivision (b) or section 1202.45 that prohibits multiple section 1202.4, subdivision (b) restitution fines and multiple section 1202.45 parole revocation fines in consolidated cases disposed of at a single sentencing hearing. To read these statutes as precluding separate fines that do not exceed the statutory maximum would result in a rule of law with no practical effect, because a defendant could never show prejudice. A trial court sentencing a defendant in consolidated cases would simply calculate the amount of the restitution fines as a whole instead of breaking them down separately for each case. This is in essence exactly what

the trial court did here; it expressed an intention to impose a *total fine* of $1,000,[2] and then allocated that fine among the three cases so that the statutory minimum fine was imposed in each. Because the total fine would be the same, whether imposed in the aggregate or portioned and separately imposed in each case, there cannot be any prejudice to appellant.

## DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Levy, J., concurred.

---

[2] The reporter's transcript of the sentencing proceeding records the trial court's statements as follows:

"You know, I don't believe—I don't believe I indicated what the fines would be. [¶] Basically, restitution fund fine would be a—it would be a total of a thousand. An additional thousand dollar restitution fund fine would be stayed pending successful completion of parole."