[No. C048118. Third Dist. Sept. 13, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN WILLIAM SCHOEB, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

862

**COUNSEL**

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Charles A. French and Brook Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROBIE, J.**—Defendant John William Schoeb pled guilty to nine separate charges scattered across five different cases in exchange for dismissal of other charges in those cases. The trial court sentenced him to 10 years 4 months in state prison. On appeal, defendant challenges the trial court's imposition of consecutive sentences under *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531]; the court's imposition of multiple restitution fines under Penal Code[1] section 1202.4; and its imposition of multiple court security fees under section 1465.8. We shall modify the judgment to impose four additional court security fees of $20 each and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Given that defendant challenges only his sentence and the fines imposed, the facts of each case are not relevant to our disposition.

While neither the People nor the defendant moved to have defendant's five cases consolidated, all of the cases came on jointly before the trial court for sentencing on October 5, 2004. The court chose a forgery charge as the principal term and sentenced defendant to the upper term of three years in state prison. The court further imposed eight consecutive eight-month sentences on each of the other convictions. The court imposed a $20 court security fee under section 1465.8 for each of the five cases for a total of $100. In one case, the court imposed a $1,000 restitution fine under section 1202.4 and a $400 fine in each of the other four cases, for a total restitution fine of $2,600.

On October 13, 2004, the matter returned to court. At that hearing, the court chose the receiving stolen property charge as the principal term and sentenced defendant to the upper term of three years in state prison plus a two-year term for the attached enhancement. The court also imposed consecutive sentences on the remaining charges. Defendant's total sentence was thus 10 years 4 months.

## DISCUSSION

### I

*Imposition of Consecutive Sentencing**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 861.

II

*Imposition of Multiple Restitution Fines*

Defendant next argues that the court's imposition of five separate restitution fines under section 1202.4 was inappropriate. We disagree.

Under section 1202.4, subdivision (b), "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." The maximum restitution fine that may be levied under this section is $10,000.

Defendant relies upon *People v. Ferris* (2000) 82 Cal.App.4th 1272 [99 Cal.Rptr.2d 180], to support his claim that the trial court could properly impose only a single restitution fine in this case. In *Ferris*, the defendant was charged by two separate informations with crimes he committed on two different dates. (*Ferris*, at pp. 1275–1276.) The People moved for joinder of the two cases or alternatively for consolidation. (*Id.* at p. 1276.) The court granted that motion although the subsequently filed informations and jury verdicts for each case continued to bear separate case numbers. (*Ibid.*) The cases were tried to a single jury in a single trial and presented for sentencing at the same time. (*Ibid.*) At sentencing, the court imposed two $10,000 restitution fines. (*Ibid.*) The appellate court struck the second $10,000 fine. (*Id.* at p. 1278.) The court focused on the language of section 1202.4 that the restitution fines apply " '[i]n *every case* where a person is convicted of a crime.' " (*Ferris*, at p. 1277.) The court concluded that this language was ambiguous where cases were separately filed, but joined together for trial and sentencing. (*Ibid.*) Given this ambiguity, the court concluded that the construction favoring the defendant must apply and only a single restitution fine could be imposed in a single case. (*Ibid.*)

■ Subsequent to *Ferris*, the Court of Appeal for the Fifth Appellate District decided *People v. Enos* (2005) 128 Cal.App.4th 1046 [27 Cal.Rptr.3d 610]. In that case, the defendant pled guilty to charges from three separate cases. (*Enos*, at p. 1048.) The trial court imposed three separate restitution fines under section 1202.4 in the total amount of $1,000—$600 in one case and $200 in the other two cases. (*Enos*, at p. 1048.) The *Enos* court distinguished *Ferris* on the grounds there was no motion to consolidate or join the cases in *Enos*. (*Enos*, at p. 1049.) Moreover, the court concluded the imposition of multiple restitution fines spread over several cases that cumulatively did not exceed the $10,000 statutory maximum could never constitute

prejudicial error. (*Id.* at p. 1049.) The court stated, "There is nothing in section 1202.4, subdivision (b) . . . that prohibits multiple section 1202.4, subdivision (b) restitution fines . . . in consolidated cases disposed of at a single sentencing hearing. To read these statutes as precluding separate fines that do not exceed the statutory maximum would result in a rule of law with no practical effect, because a defendant could never show prejudice. A trial court sentencing a defendant in consolidated cases would simply calculate the amount of the restitution fines as a whole instead of breaking them down separately for each case." (*Ibid.*)

Here, defendant's cases were never consolidated. The abstracts and minute orders continued to reflect the separate case numbers for each case. Further, the total restitution fine of $2,600 imposed in this case does not exceed the $10,000 limit imposed by the statute. Under *Enos*, there was no error here.

### III

### *Imposition of Multiple Court Security Fees*

Drawing on *Ferris*, and the language of the restitution fine statute (§ 1202.4), defendant further argues the imposition of five separate $20 court security fees under section 1465.8 was improper because this fee may only be imposed a single time in this single case. We disagree.

As we have already noted, the express language of section 1202.4 limits its application to "every case." Thus, in a single case, the restitution fine is limited to a maximum of $10,000. (*People v. Ferris, supra,* 82 Cal.App.4th at p. 1278; *People v. Enos, supra,* 128 Cal.App.4th at p. 1049.)

The key language of section 1465.8 is different. Section 1465.8 provides, "(a)(1) To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed *on every conviction for a criminal offense,* including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code." (Italics added.) Given the different language of the two statutes, the analysis of section 1202.4 presented by *Ferris,* does not inform our analysis of section 1465.8.

Rather, we conclude section 1465.8 unambiguously requires a fee to be imposed for each of defendant's convictions. Under this statute, a court security fee attaches to "every conviction for a criminal offense." Thus,

defendant's argument that only a single fee may be imposed in these five cases cannot be squared with the plain language of section 1465.8.

Defendant also attempts to draw support for his position from *People v. Wallace* (2004) 120 Cal.App.4th 867 [16 Cal.Rptr.3d 153]. In *Wallace*, the court concluded that this minimal court security fee did not constitute punishment for purposes of the ex post facto clause. (*Id.* at p. 878.) The *Wallace* court concluded that the fee to support court security had "a nonpunitive objective" of providing funds for court security. (*Id.* at p. 875.) The court further concluded the size of the fee was not so punitive either in purpose or effect so as to negate the Legislature's intent that the $20 fee be a civil disability. (*Id.* at p. 876.) While the fee was similar to a fine that is traditionally called punishment, the court concluded the fee was "logically viewed as a nonpunitive fee assessed for the use of court facilities which is designed to make them safer," especially since the fee was assessed in both civil and criminal cases and was entirely dependant on budget levels for its implementation. (*Id.* at p. 877.) Further, the fee of $20 is a small amount of money and was designed as a funding mechanism, not to promote the traditional aims of punishment. (*Id.* at pp. 877–878.) Viewed in this light, the court concluded the fee could constitutionally be retroactively imposed on a defendant who committed his crime before the effective date of the statute. (*Id.* at pp. 871, 878.)

According to defendant, under *Wallace,* "it makes no sense to increase a security fee based upon the number of separate criminal offenses for which a defendant was convicted" and thus only a single fee should be imposed. Defendant's conclusion does not follow from his premise. The fact that this minor fee is not a penalty does not mean that it should be imposed by the "case" as defendant would like, as opposed to by the "conviction" as the statute dictates. Further, given *Wallace*'s conclusion that the fee is logically viewed as a fee assessed for the use of the court facilities designed to make them safer, imposition of the fine by the conviction is logically related to the amount of court security that a particular defendant should be required to pay for.

Here, defendant was convicted of nine criminal offenses and is therefore subject to nine $20 court security fees under section 1465.8. Thus, we modify the judgment to include a $20 fee for each of defendant's nine convictions.

## DISPOSITION

We direct the trial court to modify the abstract of judgment to impose a total of nine $20 fees (for a total of $180) under section 1465.8 upon defendant. As so modified, the judgment is affirmed.

Nicholson, Acting P. J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 30, 2005.