Filed 10/22/15  P. v. Webster CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID ALLEN WEBSTER,<br><br>    Defendant and Appellant. | F068412<br><br>(Super. Ct. No. F13901441)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Hilary A. Chittick, Judge.

Sylvia Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Wanda Hill Rouzan, and Clara Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Gomes, J. and Detjen, J.

**INTRODUCTION**

Defendant David Allen Webster appeals from his convictions for attempted murder and aggravated mayhem.  In his appeal, defendant argues the trial court erred by imposing the maximum restitution fine of $10,000, despite having waived the courtroom security and criminal conviction assessment fees due to defendant's inability to pay.  We affirm the restitution fine, and remand to the trial court for imposition of the waived fees.

**FACTS**

On February 10, 2013, defendant went to the home of his 94-year-old mother, where he then shot his brother in the stomach and face in his mother's presence.  As a result of the shooting, defendant's brother lost his right eye, a portion of his right hand, and use of the left side of his body.

Following a bench trial, the trial court found defendant guilty of both attempted murder and aggravated mayhem, and sentenced him to a term of life in prison without the possibility of parole.  The trial court waived the courtroom security and criminal conviction assessment fees on the basis of defendant's inability to pay, but imposed the maximum restitution fine of $10,000.  This appeal followed.

**DISCUSSION**

*I. The trial court did not err by imposing the maximum restitution fine of $10,000.*

Defendant argues the trial court erred by assessing the maximum restitution fine amount of $10,000, despite making a finding that defendant lacked the ability to pay.[1]
We disagree.

"In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary

---

[1]    Defendant did not object to the amount of the fine at sentencing.  However, as we must consider the merits of this argument for the purposes of evaluating defendant's ineffective assistance of counsel claim, we decline to consider whether or not this argument has been waived.

reasons for not doing so and states those reasons on the record." (Pen. Code, § 1202.4, subd. (b).)[2] A defendant's inability to pay is not considered a compelling or extraordinary reason for not imposing a restitution fine. (§ 1202.4, subd. (c).)

The amount of the restitution fine is set at the discretion of the trial court, but may not be less than $240, nor greater than $10,000. (§ 1202.4, subd. (b)(1).) When calculating the precise amount within this range, "the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime." (§ 1202.4, subd. (d).)

On appeal, defendant's argument that the trial court erred by imposing the maximum fine of $10,000 focuses solely on one of the factors the trial court is charged with considering when calculating the amount of a fine, namely the defendant's ability to pay. His argument, however, completely neglects to consider the other factors enumerated in the restitution statute, such as the seriousness of the offense, the circumstances of its commission, and the tangible and intangible losses incurred by the victim.

Here, defendant's convictions stemmed from shooting his unarmed brother in the face and abdomen while in the presence of his 94-year-old mother. Beyond the obvious seriousness of these crimes and the intimacy of the circumstances in which they were committed, defendant's brother suffered severe tangible and intangible losses as a result of defendant's criminal acts. Testimony at trial established that defendant's brother lost

---

[2]     Unless otherwise noted, all subsequent statutory references are to the Penal Code.

3

his right eye, part of his right hand, and the use of the left side of his body as a result of the injuries inflicted on him by defendant. He also requires constant medical attention. These factors weigh in favor of a more severe restitution fine, we cannot conclude the trial court erred by assessing them greater weight in its calculation of defendant's restitution fine than defendant's ability to pay.

The trial court's calculation is also supported by the recommended calculation methods found within the restitution statute itself. "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine … multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(2).) Applying these calculations to the facts of this case results in a fine exceeding the statutory maximum, and further supports the trial court's decision to impose the maximum.

While we acknowledge the role a defendant's ability to pay plays in the calculation of a restitution fine, it is but one of several factors, and nothing in the statutory language suggests that a defendant's inability to pay should automatically outweigh all other relevant factors. Accordingly, we must reject defendant's argument, and affirm the restitution fine imposed by the trial court.

## II. Defendant was not denied the effective assistance of counsel.

Next, defendant contends his trial counsel was ineffective for failing to object to the amount of his $10,000 restitution fine. Again, we disagree.

In order to prevail on a claim of ineffective assistance of counsel a defendant must establish (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that a determination more favorable to defendant would have resulted in the absence of counsel's unprofessional errors. *(People v. Kipp* (1998) 18 Cal.4th 349, 366.)

Here, as noted above, the amount of the victim restitution fine was reasonable in light of the nature of defendant's offense and the serious impact his actions had on the life of his brother. That being the case, we cannot conclude that there is a reasonable probability that the amount of the fine would have been reduced had defendant's trial counsel lodged an objection based on defendant's inability to pay. In fact, such an objection would certainly have been fruitless, as the trial court was already aware of defendant's inability to pay, and had explicitly remarked on that inability during sentencing. Accordingly, defendant cannot show prejudice, and his claim of ineffective assistance of counsel must fail.

### III. The courtroom security and criminal conviction assessment fees must be imposed.

At sentencing, the trial court explicitly waived both the courtroom security fee (§ 1465.8) and the criminal conviction assessment fee (Gov. Code, § 70373). These fees, however, are mandatory and must be imposed in every criminal conviction. (*People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1112 ["[t]he imposition of an assessment under Government Code section 70373(a)(1) is required"]; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865 ["section 1465.8 unambiguously requires a fee to be imposed for each of defendant's convictions"].) Accordingly, we remand the matter to the trial court for the imposition of the waived fees.[3]

---

[3] It is of no consequence that the People failed to object to the waiver of these fees at sentencing, or that the imposition of the waived fees will increase the funds defendant is required to pay. The failure to impose a mandatory fee renders a sentence illegal, and must be corrected on appeal. (*People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.) An unauthorized sentence "is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato* (1973) 9 Cal.3d 753, 764, fn. omitted [disapproved on other grounds].)

**DISPOSITION**

We remand the case to the trial court with instructions to impose the mandatory courtroom security and criminal conviction fees outlined in Penal Code section 1465.8 and Government Code section 70373.  The judgment is affirmed in all other respects.