Filed 11/22/21  P. v. Crisosto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C093584 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR002641) |
| v. | |
| JESSE RAYMOND CRISOSTO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Jesse Raymond Crisosto, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, we find the trial court erred in failing to impose the court security fee (Pen. Code, § 1465.8)[1] and court operations assessment fee (Gov. Code, § 70373) per count.  The court also erred when it required the payment of these fees as conditions of probation.  We will direct the trial court to correct

---

[1]  Undesignated statutory references are to the Penal Code.

1

these sentencing errors.  Finding no other errors that are favorable to defendant, we otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The People's information charged defendant with making criminal threats (§ 422, subd. (a); count I); vandalism with damage exceeding $400 (§ 594, subd. (a); count II); vandalism with damage under $400 (§ 594, subd. (a); counts III & IV); and misdemeanor battery (§ 242; count V).  Defendant pleaded not guilty.

On January 11, 2021, defendant resolved multiple matters through a plea agreement with the People.  In pertinent part, defendant pleaded guilty to counts I and II in exchange for dismissal of the remaining counts and a grant of two years' probation. The parties stipulated the police report was the factual basis for the plea.  Defendant waived preparation of a presentencing report and was sentenced the same day to two years' probation including the condition that he serve 120 days in county jail.  The court also incorporated by reference certain terms and conditions of probation, including a $600 restitution fine (§ 1202.4, subd. (b)), a $600 stayed probation revocation restitution fine (§ 1202.44), a $40 court security fee (§ 1465.8), and a $30 court operations assessment fee (Gov. Code, § 70373).  Defendant timely appealed and did not request a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find the trial court erred in failing to impose the $40 court security fee (§ 1465.8) and the $30

court operations assessment fee (Gov. Code, § 70373) *per count.* (*People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3 [Gov. Code, § 70373]; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865-866 [§ 1465.8].) The court also erred when it required the payment of these fees as probation condition Nos. 10 and 11. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843 [Gov. Code, § 70373]; *People v. Soto* (2016) 245 Cal.App.4th 1219, 1237 [§ 1465.8].) We will direct the modification of the sentencing order to reflect the imposition of $80 in court operations fees and $60 in conviction fees, which are separately imposed and are not conditions of probation. Finding no other errors that are favorable to defendant, we will otherwise affirm the judgment.

## DISPOSITION

We direct the trial court to modify the sentencing order of January 11, 2021, to reflect the imposition of $80 in court operations fees (§ 1465.8) and $60 in conviction fees (Gov. Code, § 70373). These fees are to be separately imposed and are not conditions of probation. The trial court shall provide the probation department with the modified sentencing order and ensure that defendant's signed probation conditions do not include the $80 in court operations fees (§ 1465.8) and the $60 conviction fees (Gov. Code, § 70373) as conditions of probation. The judgment is otherwise affirmed.

                                                        /s/
                                                RAYE, P. J.

We concur:

   /s/
ROBIE, J.

   /s/
HOCH, J.