Filed 11/21/22 P. v. Carr CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>RADARRYL CARR,<br><br>      Defendant and Appellant. | C090713<br><br>(Super. Ct. No. 19FE000588) |

Defendant Radarryl Carr appeals a judgment entered after a jury found him guilty of negligent discharge of a firearm, being a felon in possession of a firearm, and that he had suffered a prior strike and a prior serious felony conviction. Defendant's sole contention on appeal is that insufficient evidence supports his negligent discharge of a firearm conviction. We disagree. Nonetheless, our review of the record has disclosed the trial court's failure to impose mandatory fees *per count* as required. We will modify the judgment to correct this error and will affirm the judgment as modified.

### FACTS AND HISTORY OF THE PROCEEDINGS

The People's second amended information charged defendant with felony negligent discharge of a firearm (Pen. Code, § 246.3, subd. (a); count one; statutory

1

section citations that follow are found in the Penal Code unless otherwise stated) and being a felon in possession of a firearm (§ 29800, subd. (a)(1); count two). The information further alleged defendant had suffered a prior strike (§§ 667 subds. (b)-(i), 1170.12), a prior serious felony conviction (§ 667, subd. (a)), and four prior prison commitments (§ 667.5, subd. (b)).

At trial, the People presented evidence that on November 27, 2018, the ShotSpotter system alerted to gunshots in South Sacramento at three different times: 10:43 p.m., 11:03 p.m., and 11:32 p.m. The system triangulates gunfire and provides an approximate location of gunfire. When officers responded to the last alert, they saw a black Infinity sedan parked with one person in the driver's seat and three people near the back of the car. As reflected in dashcam and bodycam footage played for the jury as well as officer testimony, once officers activated the overhead lights on the patrol car, the smallest of the group, who had dreadlocks and was wearing blue jeans and a blue hoodie, fled toward the side fence of 8160 Essen Way. The fleeing person jumped the fence and officers did not follow for safety reasons; they instead requested backup. One officer thought he heard the fleeing person jump the back fence.

Officers spoke with the three individuals still at the scene and found that none of them had weapons. One of the three was defendant's longtime girlfriend, Latisha Collins, who owned and was driving the Infinity sedan. Collins had been out of town that day and had left the Infinity parked on Essen Way. A search of the car revealed paperwork belonging to defendant and a records check yielded a photograph of defendant, which allowed officers to positively identify defendant as the individual who had fled that night. That defendant was the individual in the blue sweatshirt was further confirmed by a photograph from that night discovered on a cell found at the Essen Way location.

A later search of the home at 8160 Essen Way and the people at that location, turned up no weapons or ammunition. However, it appeared defendant had been staying

there. Moreover, a .40-caliber semiautomatic pistol was recovered from a backyard that shared a fence with 8160 Essen Way. This gun had a single live round in its chamber which was of the same color, brand, and caliber as a live shell and shell casing recovered by authorities near the addresses for the Essen Way alerts.

Subsequent investigation of the 11:03 p.m. alert yielded surveillance footage from individuals who lived on Essen way. This footage showed a black sedan similar to the Infinity parked on Essen Way. Two people left the car, and shortly thereafter, the driver's door opened, and a third person fired a gun into the air. This location corresponded to where officers had recovered one of the .40-caliber shell casings, and the people who had left the car were wearing clothes similar to, and otherwise matched the appearances of, people interviewed following the 11:32 p.m. alert and defendant's flight.

The parties stipulated that defendant had been previously convicted of a felony. Thereafter, the jury found defendant guilty on both charged counts.

Prior to defendant's bifurcated court trial on the enhancement allegations, the court granted defendant's request to reduce one of his prior felony convictions to a misdemeanor in light of changes brought about by Proposition 47 and further recognized that all one-year prior prison term enhancement allegations were no longer valid in light of other legislative amendments. Thereafter, the court determined defendant had suffered a prior strike and serious felony conviction.

Defendant's sentencing occurred the same day. The trial court denied defendant's request to reduce his prior strike conviction to a misdemeanor, his request to reduce the current negligent discharge conviction to a misdemeanor, and his motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 to strike his prior strike and/or prior serious felony conviction. The court also denied defendant's request for probation and sentenced him to an aggregate prison term of seven years eight months. This term was comprised of the lower term of 16 months for the negligent discharge, doubled because of the prior strike, plus five years for the prior serious felony conviction. The

3

court further imposed a midterm of two years for the possession of a firearm by a felon count but stayed that count in accordance with section 654. The court awarded defendant 277 actual days plus 276 conduct days for a total of 553 days' custody credits.

The court also imposed a $1,000 restitution fine (§ 1202.4), a $1,000 suspended parole revocation restitution fine (§ 1202.45), a $30 criminal conviction assessment fee (Gov. Code, § 70373), and a $40 court operations assessment fee (§ 1465.8) but declined to impose the discretionary fines and fees from the probation report. The restitution fine and two assessment fees were stayed pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Defendant timely appealed and appellate briefing in this matter was completed on August 24, 2022.

DISCUSSION

I

*The Substantial Evidence Challenge*

Defendant's sole contention on appeal is that his actions as proven by the People were insufficient to support the jury's determination that he committed gross negligence when he fired a gun into the air in a residential neighborhood in the late evening hours of November 27th.

In deciding defendant's sufficiency claim, we are guided by long-established principles. "The court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence--that is, evidence which is reasonable, credible, and of solid value--such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

Section 246.3 subdivision (a) provides: "Except as otherwise authorized by law, any person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense and shall be punished by

4

imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170." This offense has three elements: " '(1) the defendant unlawfully discharged a firearm; (2) the defendant did so intentionally; (3) the defendant did so in a grossly negligent manner which could result in the injury or death of a person.' (*People v. Alonzo* (1993) 13 Cal.App.4th 535, 538 (*Alonzo*); see CALCRIM No. 970.)" (*People v. Ramirez* (2009) 45 Cal.4th 980, 986 (*Ramirez*); accord *People v. Thomas* (2011) 52 Cal.4th 336, 363-364.)

Defendant's appellate argument focuses exclusively on the last element. He emphasizes that the only evidence presented by the People was that he fired the gun into the air in the late evening hours and that there was no evidence of individuals other than his friends and family that may have been endangered by his conduct. Moreover, defendant faults the People for failing to present any evidence on "the *actual risks* of firing a gun in the air late at night when no one was out." (Italics added.) In so doing, defendant emphasizes the lack of evidence concerning any likelihood of injury or death and contends we must reverse this count and bar retrial given the double jeopardy rule.

As mentioned, section 246.3 requires a showing of gross negligence resulting in a risk of great bodily injury or death. (*Alonzo, supra*, 13 Cal.App.4th at pp. 539-540.) "Gross negligence, as a basis for criminal liability, requires a showing that the defendant's act was ' "such a departure from what would be the conduct of an ordinarily prudent or careful [person] under the same circumstances as to be incompatible with a proper regard for human life, or, in other words, a disregard of human life or an indifference to consequences." ' " (*Ibid.*) The California Supreme Court has clarified that this requires a showing that "it was reasonably foreseeable that human injury or death might result under the circumstances." (*Ramirez, supra*, 45 Cal.4th at p. 990.)

We have no difficulty concluding the People presented substantial evidence that defendant's conduct displayed a "reasonably foreseeable" risk of great bodily injury or death. (*Ramirez, supra*, 45 Cal.4th at p. 990.) Putting aside defendant's apparent

5

concession that his friends and/or family were on the street when he fired the gun, as recognized by the California Supreme Court, section 246.3 does not require the prosecution to prove that an identifiable person was *actually threatened* by a defendant's actions. (*Ramirez*, at p. 990; see also *People v. Torres* (2019) 39 Cal.App.5th 849, 857.) Rather, the legislative history associated with section 246.3 shows it was enacted to deter the senseless shooting of firearms in the air, including the risk that errant bullets might penetrate buildings and/or cars and injure innocent individuals. (*Ramirez,* at pp. 986-988; see also *Alonzo, supra*, 13 Cal.App.4th at p. 540.)

Here, defendant does not dispute that he was recorded on a surveillance camera firing a .40-caliber pistol into the air in a residential neighborhood while at least two other individuals were on the street. Firing a gun into the air in a residential neighborhood is precisely the kind of behavior meant to be addressed by section 246.3. (*Ramirez, supra*, 45 Cal.4th at pp. 983-984, 990 [10 shots fired from an apartment, three of which struck other apartments]; *People v. Torres, supra*, 39 Cal.App.5th at p. 857 [shots fired into the air in a residential neighborhood scaring responding officers]; *Alonzo, supra*, 13 Cal.App.4th at pp. 537-538 [shots fired into the air at 2:00 a.m. in busy commercial area].) As such, defendant's sufficiency challenge fails.

II

*The Unauthorized Sentence*

Our review of the record has disclosed that the trial court imposed a $40 court operations assessment fee (§ 1465.8) and a $30 criminal conviction assessment fee (Gov. Code, § 70373) only once. However, because defendant was convicted of two counts, the trial court was required to impose the $40 court operations assessment fee (§ 1465.8) and the $30 court operations assessment fee (Gov. Code, § 70373) two times. (See *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3 [Gov. Code, § 70373]; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865-866 [§ 1465.8].) We will correct the trial

6

court's failure to impose these mandatory sentence choices. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854 [Court of Appeal may correct errors associated with mandatory sentencing choices without the need to remand for further proceedings].) However, consistent with the trial court's actions, we also will stay them.

### DISPOSITION

The judgment is modified to reflect the imposition of two $30 criminal conviction assessment fees (Gov. Code, § 70373) and two $40 court operations assessment fees (§ 1465.8). These fees are stayed in accordance with the trial court's prior order. The trial court shall prepare an amended abstract of judgment reflecting these changes and shall further take care to accurately record defendant's two year eight-month prison sentence in section No. 1. The trial court shall forward a certified copy of that document to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.


                                                  _____

                                                  HULL, Acting P. J.


We concur:


_____

DUARTE, J.


_____

KRAUSE, J.